RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 24 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

Aaron Bates,
Plaintiff,
v.
Your Insurance Attorney, LLC,
Defendant.

Civil Action No.: 1:26-CV-1578

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

1. Plaintiff Aaron Bates brings this action for race discrimination, hostile work environment, and retaliation.

2. This action arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331.

4. Venue is proper in this district because the events giving rise to the claims occurred within this judicial district.

5. Defendant Your Insurance Attorney, LLC is an employer within the meaning of Title VII.

6. Plaintiff was employed by Defendant as a litigation paralegal.

7. Plaintiff was qualified for the position.

8. Plaintiff performed his job duties satisfactorily.

9. Plaintiff had significant litigation experience.

10. Plaintiff worked under the supervision of attorneys and management staff.

11. Plaintiff was subjected to inappropriate workplace conduct.

12. Supervisor Amber Baker engaged in derogatory conduct toward Plaintiff.

13. Plaintiff was treated differently than other employees.

14. The conduct created a hostile work environment.

15. Plaintiff reported the conduct to management.

16. Defendant became aware of the complaints.

17. Management had knowledge of the workplace issues raised by Plaintiff.

18. On multiple occasions Ms. Baker referred to Plaintiff using derogatory language including dumb ass and big dummy.

19. Plaintiff complained to management regarding Ms. Baker's conduct.

20. During a conversation with Managing Attorney Shandria Brown, Plaintiff reported concerns regarding Ms. Baker.

21. Ms. Brown acknowledged Plaintiff's concerns and indicated understanding of the situation.

22. Ms. Brown indicated Ms. Baker was coming in hot and that she would speak with her regarding the conduct.

23. Ms. Brown stated employees should not be treated in that manner.

24. Plaintiff lawfully recorded the conversation pursuant to Georgia one party consent law O.C.G.A. §16-11-66.

25. Despite acknowledging the conduct, Defendant failed to take effective corrective action.

26. These complaints constituted protected activity.

27. Defendant was aware of Plaintiff's protected activity.

28. Plaintiff was terminated on August 13, 2025.

29. Plaintiff was told he was not a good fit.

30. Plaintiff had no prior written discipline.

31. No progressive discipline was applied.

32. No documented investigation occurred.

33. Termination occurred within five days of Plaintiff's complaint.

34. The close timing supports an inference of retaliation.

34A. The temporal proximity between Plaintiff's complaint and termination supports a legal inference of retaliatory motive.

35. Defendant's explanation lacked documentation.

36. Defendant treated similarly situated employees differently.

36A. Female paralegals working under the same standards were not terminated under similar circumstances.

37. Plaintiff's complaints were not investigated.

38. Plaintiff's termination followed protected activity.

39. Defendant's reason was pretextual.

40. Defendant failed to follow internal procedures.

41. Plaintiff suffered immediate economic harm.

42. Plaintiff experienced emotional distress.

43. Plaintiff suffered reputational damage.

44. Defendant's conduct was intentional.

45. Defendant acted with reckless disregard.

45A. Plaintiff possesses documentary and audio evidence supporting the allegations described in this Complaint including recorded conversations reflecting management knowledge of the conduct at issue. Such evidence will be produced during discovery pursuant to the Federal Rules of Civil Procedure.

**COUNT I – RACE DISCRIMINATION**

46. Plaintiff incorporates paragraphs 1–45.

47. Plaintiff is a member of a protected class.

48. Plaintiff was qualified for the position.

49. Plaintiff was terminated.

50. Similarly situated non-African American employees were treated more favorably.

50A. These employees were subject to the same workplace standards but were not terminated under comparable circumstances.

51. The circumstances give rise to an inference of discrimination.

52. Defendant violated Title VII and 42 U.S.C. §1981.

**COUNT II – HOSTILE WORK ENVIRONMENT**

53. Plaintiff incorporates paragraphs 1–52.

54. Plaintiff was subjected to unwelcome conduct.

55. The conduct was based on protected characteristics.

56. The conduct altered the terms and conditions of employment.

57. Defendant is liable for the conduct of its supervisors.

**COUNT III – RETALIATION**

58. Plaintiff incorporates paragraphs 1–57.

59. Plaintiff engaged in protected activity.

60. Defendant knew of the activity.

61. Plaintiff was terminated.

62. Close temporal proximity establishes causation.

63. Defendant's stated reason was pretext.

64. Defendant's conduct would deter reasonable employees.

65. Plaintiff suffered damages as a result.

**V. DAMAGES**

66. Plaintiff suffered lost wages and benefits.

67. Plaintiff suffered emotional distress and reputational harm.

68. Under 42 U.S.C. §1981 compensatory and punitive damages are not subject to statutory caps.

**PRAYER FOR RELIEF**

Plaintiff seeks judgment for back pay, front pay, compensatory damages, punitive damages, costs, interest, and any additional relief deemed appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

70. Plaintiff reserves the right to amend this Complaint to include additional facts and claims as they become known through discovery.

Respectfully submitted,

[signature]

Aaron Bates

Plaintiff Pro Se

843 Lorrimont Lane

Fairburn, Georgia 30213

Phone: 404-583-3988

Email: nextelab@yahoo.com

Date: 3-24-2026